Lat LYONS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16081.

United States Court of Appeals Fifth Circuit.

Oct. 16, 1956.

John N. Crudup, Gainesville, Ga., for appellant.

James W. Dorsey, U. S. Atty., John W. Stokes, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

PER CURIAM.

On this appeal from a judgment following a jury verdict of guilty on five counts charging violation of various sections of the liquor laws, appellant's only plaint is that the verdict was contrary to the weight of the evidence and that it was not supported by substantial evidence.

■ As to the first point, of course, this Court makes no inquiry because the weight of the evidence is for the jury to determine, and although the trial judge may, in his discretion, grant a new trial if he feels the verdict to be contrary to the great weight of the evidence, we have no power to do so.

As to the second point, appellant attacks only the sufficiency of the evidence offered in support of counts four and five. In his brief he makes no attack on the sufficiency of the evidence to sustain the verdict of guilty on counts one, two and three. The sentence imposed is well within the maximum authorized for a conviction on three counts, and it would, therefore, mean but little to appellant if he prevailed on his contention as to the remaining two counts. Nevertheless, it is plain, from a reading of the record, that there was ample evidence of appellant's criminal acts to sustain the jury's verdict on these counts as well.

■ As to appellant's contention that the admission of the accused should not have been received in evidence until the corpus delicti had been established, it is sufficient to say that the government's evidence was clear that there was a non-registered distillery set up and that when first seen appellant was carrying jars from the direction of the still to a truck, and there were other jars full of nontax-paid whiskey stacked in the vicinity of the truck. It is clear that there was thus proof that someone had committed an offense and that appellant was connected with it. This is sufficient to provide the corpus delicti.

■ The rule that proof of extra judicial admissions may not be admitted when standing alone does not, of course, apply except when they are unsupported by other evidence. Gariepy v. United States, 6 Cir., 189 F.2d 459.

The judgment is

Affirmed.